**SIGNED this 25th day of September, 2015**

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE

In re:                                                                 No. 1:15-bk-10999-NWW
Terry Lee Kinsey                                                       Chapter 13
Jacqueline Kinsey
      Debtor.

## MEMORANDUM

The court has before it four matters: two objections to confirmation, an objection to a claim and a motion to extend the deadlines to object to the debtors' discharge or to the dischargeability of the debt owed to Mr. Kinsey's former spouse, Regina Sue Kinsey ("Ms. Kinsey"). The court has jurisdiction over these contested matters pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B)(I) and (L). These are the court's findings of fact and conclusions of law pursuant to Fed. R.Bankr. P. 7052, as made applicable to contested matters by Fed. R. Bankr. P. 9014(c).

As to the first matter, Ms. Kinsey is a substantial creditor in this case ("Ms. Kinsey"). She has filed a priority claim for $47,375.72. She has also filed an objection to confirmation of the debtors' plan, based on the infeasibility of the plan, payment of her claim outside the plan, and

insufficient payments of the amount due to her of $523 a month. (Doc. No. 45.) That objection was amended on June 3, 2015, and she objected to the plan on the basis that her claim was not provided for in full while a qualified domestic relations order (QDRO) was being put into effect. (Doc. No. 47.) The creditor's primary concern was with payments which might be missed in the interim.

As to the second matter, the trustee has also filed an objection based on the debtor's failure to pay all of his post-petition domestic support obligations and the fact that completion of the plan will exceed 60 months. (Doc. No. 48.)

The debtors have responded to the objections to confirmation by raising the issue that Mr. Kinsey's obligations to Ms. Kinsey are obligations to pay a property settlement, not domestic support obligations as defined by the bankruptcy code. (Doc. No. 57.) If the court agrees, then there is no post-petition failure to pay domestic support obligations and the prepetition obligation will not need to be paid in full.

The third matter is a claim objection. The debtors have objected to Ms. Kinsey's claim. Their initial basis was that the claim did not provide a calculation of the amount due. (Doc. No. 44.) The debtors contend the debt should be reduced to $34,727.51. At the hearing, the parties announced that they are now in agreement that the debtors' number is the correct amount of the claim.

The objection was amended on June 11, 2015 to add an additional ground to disallow the claim's priority status. (Doc. No. 52.) The debtors argue that the claim arises from a percentage of military pension benefits received by Mr. Kinsey upon his retirement which were assigned to his former spouse under the Marital Dissolution Agreement. The debtors now argue that the assignment vested a property right in Ms. Kinsey but did not create an obligation to pay Ms.

2

Kinsey alimony or support. *Mace V. Mace*, 82 B.R. 864,867 (S.D. Ohio 1987); *In re Petty*, 333 B.R. 472, 477 (Bankr. M.D. Fla. 2005) (discussing what is property of the estate). They also argue that the obligation does not meet the Sixth Circuit's test for determining whether an obligation is support as announced in *In re Calhoun*. 715 F. 2d 1103 (6th Cir. 1983). The test requires the bankruptcy court to determine whether the state intended to require support and whether the obligation provides necessary support to the former spouse. A finding by this court that the obligation is not a support obligation would result in the claim becoming a dischargeable obligation under 11 U.S.C. § 523(a)(15) in the chapter 13 case.

Fourth, there is a motion to extend the deadline to object to discharge and dischargeability. Based on the position that the debtor, Mr. Kinsey, is now taking regarding his obligations under the parties' marital dissolution agreement, Ms. Kinsey contends that she may have discovered grounds for objecting to his discharge and she seeks to extend the deadline to object. (Doc. No. 68.) She filed this motion on July 1, 2015. It is not entirely clear from her motion what the specific grounds are. The deadline to object to discharge and dischargeability based on 523(a)(2)(4) or (6) expired on June 22, 2015. The basis implied in her motion is an objection to dischargeability because her claim is a domestic support obligation. There is no deadline for an objection on that basis contained in section 523. Nevertheless, many former spouses file adversary proceedings seeking a determination by the court that the obligations contained in a marital dissolution agreement or an order of divorce are "in the nature of alimony, maintenance and support" to establish that the debt is not dischargeable in a chapter 13. 11 U.S.C. § 101 (14A)(B); 11 U.S.C. § 523(a)(5); 11 U.S.C. §1328(a)(2). A determination of dischargeability requires the filing of an adversary proceeding. Fed. R.Bankr. P. 7001(a)(6).While she may not need an extension of a deadline to seek a determination of the

dischargeability of her debt, the court finds that Ms. Kinsey is entitled to the procedural safeguards of an adversary proceeding rather than a determination of her status in a contested matter. The court finds that the same rule should apply to Mr. Kinsey. The court will treat her motion as a request for the extension as a request to have the issue resolved in an adversary proceeding rather than in a contested matter.

As grounds for seeking an extension, Ms. Kinsey notes that the debtors repeatedly took the position that Mr. Kinsey owed domestic support obligations as seen in his statement in the Domestic Support Obligation Disclosure Form filed on March 13, 2015. (Doc. No. 6.) There he answered "yes" to the question of whether he was responsible for any Domestic Support Obligations described in 11 U.S.C. § 101(14a). He listed Mrs. Kinsey's claim on Schedule E which is the schedule for Priority Claims including domestic support obligations. (Schedule E, Doc. No. 1.) and the proposed Chapter 13 plans filed on March 13, 2015 and May 1, 2015 provided that priority claims would be paid "in full in deferred cash payments." (Doc. Nos. 7 and 33). The last plan filed addressed her claim specifically and stated "Debtor Terry Kinsey shall pay equitable division of property (DSO) as required by Final Order of Divorce direct to Regina Kinsey." (Amended Chapter 13 Plan at 3, Doc. No. 33.) On June 11, 2015, after the creditor's claim was filed on May 19, 2015, the debtors contended for the first time that what Mr. Kinsey owed her was a property settlement which should be treated as an unsecured claim in his Chapter 13 and receive substantially less than 100%.

Taking the claim objection first, the parties announced at hearing that they are now in agreement regarding the amount of prepetition arrears owed by the debtor to Ms. Kinsey; therefore, the court will also sustain the debtors' initial objection to the amount of Ms. Kinsey's claim and reduce the claim amount to $34,727.51. With respect to the basis for objecting to the

4

status of the claim as a domestic support obligation, the court will provide the debtor with 14 days to refile his objection in the form of an adversary proceeding to determine the dischargeability of the debt he owes to Ms. Kinsey. Fed. R. Bankr. P. 7001(a)(6).

As to the extension of the deadlines to object to discharge and dischargeability on grounds which do have a deadline, the debtors first raised the issue as to whether the obligation to Ms. Kinsey was a priority debt on June 11, 2015. At that point, Ms. Kinsey was on notice that the debtors intended to reclassify the obligation owed to her. The court notes that this occurred eleven days before the deadline to object to dischargeability. Ms. Kinsey filed a motion to extend that deadline to object to dischargeability, but filed it nine days after the deadline had passed and nearly three weeks after receiving notice.  The court finds that eleven days was adequate time for Ms. Kinsey to have filed a motion to extend the deadline to the extent that there was a deadline for the particular grounds she wanted to raise. Yet she failed to do so. As such, the court will deny Ms. Kinsey's motion to extend time to object to discharge under 11 U.S.C. § 727 and dischargeability under 11 U.S.C. § 523 (a)(2), (4) and (6). Although there is no deadline to object to the dischargeability of a domestic support obligation, the court will impose one in order to facilitate the administration of the case. Ms. Kinsey will have 28 days from the entry of this order to file a complaint objecting to the dischargeability of her debt should Mr. Kinsey fail to file an adversary proceeding seeking declaratory relief that her claim is not a domestic support obligation.

The court overrules Ms. Kinsey's objection to the plan based on concerns about the payment of her portion of the military pension. That objection is moot as the court has required Mr. Kinsey to remit her payments within 2 days of receipt until her portion of his pension is paid to her directly. (Order Entered June 26, 2015, Doc. No. 65.) This order requiring remittance will

continue until the QDRO takes effect. Her remaining objection is infeasibility and the treatment of her claim. The trustee has objected on the basis of infeasibility and the post-petition payment of domestic support obligations. The court finds that the bases of these objections will be affected by a determination in the adversary proceeding of whether the debt owed to Ms. Kinsey is a nondischargeable domestic support obligation or a dischargeable property settlement obligation. Without Ms. Kinsey's priority debt the plan would appear to be feasible and the trustee's objection would be moot. For that reason, the court will confirm the plan with a de novo hearing in 120 days on the issues of (a) payment of Ms. Kinsey's prepetition claim as a priority payment in accordance with 11 U.S.C. §1322(a)(2) or as a general unsecured claim and (b) feasibility under 11 U.S.C. § 1325(a)(6). Pending the de novo hearing and for the purposes of distribution, Ms. Kinsey's claim for prepetition obligations will be treated as a claim with an objection pending and will not be entitled to receive any distribution until the issue is resolved.

    A separate order will enter.

# # #